4
C. RANDALL BUPP, ESQ. (SB# 065345)
**BARDELLINI, STRAW, CAVIN & BUPP, LLP**
2000 Crow Canyon Place, Suite 330
San Ramon, California 94583
Telephone: (925) 277-3580
Facsimile: (925) 277-3591

Attorneys for Buyers
AUSTIN TAYLOR and
ANGELINA TAYLOR

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>    PETE DIAZ, JR. and CHERI<br>    LYNN BIXBY-DIAZ,<br><br>        Debtors. | Case No. 10-20043<br>Chapter 13<br>Docket Control No. CRB-001<br><br>**MOTION FOR ORDER APPROVAL OF SALE OF REAL PROPERTY NUNC PRO TUNC**<br><br>Date: April 13, 2010<br>Time: 9:32 A.M.<br>Place: U.S. Bankruptcy Court<br>       DEPARTMENT B, COURTROOM 32<br>       501 I Street<br>       Sacramento, California<br><br>Judge: Hon. Thomas Holman |

    Austin Taylor and Angelina Taylor (hereinafter collectively referred to as "Buyers") hereby move for an order approving, on a nunc pro tunc basis, the sale of real property of the estate, said property being commonly known as 7438 Westgate Drive in Citrus Heights, California, 95610 (hereinafter the "Property"), which sale closed escrow shortly after the filing of the petition initiating the above referenced Chapter 13 case.

    This motion is based on the Notice and Declarations of Austin Taylor and Angelina Taylor submitted herewith, and the points and authorities set forth herein below.

### I. SUMMARY OF FACTS

    Pete Diaz, Jr. and Cheri Lynn Bixby-Diaz (hereinafter, collectively, "Debtors") filed a petition

initiating the above captioned Chapter 13 case on January 4, 2010. Prior to filing the petition, Debtors signed all of the documents necessary to transfer title to the Property to Buyers. The sale was a "short sale," in that the proceeds were insufficient to pay off the balance owed on the first and second deeds of trust on the Property, both of which were held by Bank of America. Bank of America agreed to the short sale.

Debtors signed the deed to the Property, conveying title to Buyers, and all other documents in conjunction with the sale escrow, on December 30, 2009. A true and correct copy of the notarized Grant Deed signed by Debtors is attached as Exhibit A to the Declaration of Austin Taylor submitted herewith. The sale price for the Property was $187,500. Attached as Exhibit B to the Austin Taylor Declaration is a true and correct copy of the final settlement statement produced by North American Title Company in connection with sale of the Property by Debtors to Buyers. Said statement shows that no proceeds from the sale were given to Debtors, for reason that the sale was a "short sale." The statement shows, at lines 504 and 505, the payoff amounts made to Bank of America on its deeds of trust of first and second priority.

Attached as Exhibit C to the Austin Taylor Declaration submitted herewith is a true and correct copy of the California Residential Purchase Agreement and Joint Escrow Instructions (the "Purchase Agreement") relating to the sale of the Property by Debtors to Buyers. The offer to purchase is dated August 31, 2009. The last page of the Purchase Agreement is a "Short Sale Addendum" showing that the sale was contingent upon approval of the lien holder (Bank of America) to the sale, which would generate proceeds insufficient to pay in full the loan secured by Bank of America's second deed of trust.

It is noteworthy that Debtors signed the sale documents on December 30, 2009, which was a Thursday and the day before the New Year's Eve/New Year's Day holiday. As shown on the Grant Deed conveying title to the Property from Debtors to Buyers was not in fact recorded until January 6, 2010.

At the meeting of creditors on February 11, 2010, Debtors' counsel stated that Debtors do not oppose completion of the sale of the Property to Buyers and acknowledged that they did not inform the Buyers of their Chpater 13 filing prior to the close of escrow. In fact, the Buyers already occupy the

Property, since escrow closed without their knowledge that a bankruptcy petition had been filed by Debtors. (See paragraph 7 of the Austin Taylor Declaration and paragraph 7 of the Angelina Taylor Declaration.) It is therefore anticipated that Debtors will file a statement of non-opposition to this motion.

## II. LEGAL ARGUMENT

It is clear from the foregoing, and as evidenced by the Declarations of Austin Taylor and Angelina Taylor and the exhibits attached thereto, that Buyers are bona fide purchasers of the Property for value and that they had no notice of the filing of Debtors' bankruptcy petition after the date Debtors signed the Grant Deed conveying title to the Property to Buyers but before said Deed was recorded and the sale escrow closed. Under the provisions of Bankruptcy Code §549(c), a trustee may not avoid a post-petition transfer of property of the estate not otherwise authorized under the Bankruptcy Code or by the court if the transfer is to a good faith purchaser without knowledge of commencement of the case. Here, the Declarations of Buyers Austin Taylor and Angelina Taylor make it clear that they had no knowledge of the filing of Debtors' bankruptcy petition. The intervention of the New Year's holiday precluded closing of the escrow prior to Debtors filing their petition. Buyers are innocent parties, and neither Debtors nor the estate will in any way be harmed by allowing the subject sale to be approved. In fact, if the sale is not approved, it is likely that Bank of America would proceed to foreclosure under its first deed of trust and would then have a "foreclosed out junior lien" unsecured claim against Debtors which would be added to the unsecured claims in this Chapter 13 case, with the resultant diminution of distribution to other unsecured creditors.

The Court is therefore respectfully requested to issue an order approving sale of the Property by Debtors to Buyers under the provisions of Bankruptcy Code §549(c) on a nunc pro tunc basis.

Dated: March 16, 2010  BARDELLINI, STRAW, CAVIN & BUPP, LLP

/s/ C. RANDALL BUPP

By: _____
C. Randall Bupp
Attorneys for Buyers
AUSTIN TAYLOR and ANGELINA TAYLOR

# CERTIFICATE OF SERVICE

I declare that I am employed in San Ramon, California. I am over the age of 18 years and not a party to this action. My business address is 2000 Crow Canyon Place, Suite 330, San Ramon, California, 94583. On this date, I caused to be served the attached document(s) entitled:

**U.S. BK CASE NO. 10-20043 - IN RE DIAZ**
MOTION FOR ORDER APPROVAL OF SALE OF REAL PROPERTY NUNC PRO TUNC

on the following party(ies), as listed below:

| | |
|---|---|
| **Debtor's Attorney**<br>Peter G. Macaluso<br>7311 Greenhaven Dr. #100<br>Sacramento, CA 95831<br>Tele: (916) 392-6591 | **Cousel for BAC Home Loans Servicing, LP**<br>Richard J. Bauer, Jr.<br>1665 Scenic Ave #200<br>Costa Mesa, CA 92626<br>Tele: (714) 481-9100 |
| **Trustee**<br>Jan P. Johnson<br>PO Box 1708<br>Sacramento, CA 95812<br>Tele: (916) 492-8001 | **Counsel for BAC Homes Loans Servicing, LP**<br>Cassandra J. Richey<br>20750 Ventura Blvd #100<br>Woodland Hills, CA 91364<br>Tele: (818) 227-0100 |

**U.S. Trustee**
Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

The following is the procedure in which service of this document(s) was effected *if not electronically*:

 X    **By Mail:** I caused such envelope to be deposited in the mail at San Ramon, California with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in Contra Costa County at the close of the business day.

 ___  **By Fax:** I caused a copy of the above named documents to be transmitted via facsimile to the facsimile number of the offices of the addressee(s) as indicated above. The facsimile machine used complied with California Rule of Court §2003, and no error was reported by the facsimile machine.

 ___  **By Overnight Delivery:** I caused such envelope to be transmitted by a overnight delivery service (i.e., Federal Express, UPS) to the offices of the addressee(s).

 ___  **By Personal Service:** I caused such envelope to be hand delivered to the offices of the addressee(s) as indicated above.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 16, 2010 in San Ramon, California.

/S/ Cheryl J. McAlice
_____
Cheryl J. McAlice